[Crim. No. 2524. In Bank.—March 7, 1923.]

## THE PEOPLE, Respondent, v. MAURO PARISI, Appellant.

[1] CRIMINAL LAW—MURDER—EVIDENCE—ADMISSIONS.—In a prosecution for murder the fact that the defendant admitted the killing does not prevent the district attorney from presenting proof thereof; and defendant's contention on appeal that the district attorney was guilty of misconduct in persisting, after the defendant admitted the killing, in introducing in evidence a dying declaration and other evidence as a foundation therefor, that his client should have been convicted of manslaughter only, and that the verdict of murder in the first degree was the result of passion and prejudice induced in the jury by the admission of such evidence, cannot be maintained.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. D. Crichton, Geo. G. Graham and Retallick & Tuttle for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WILBUR, C. J.—The defendant was convicted of murder in the first degree and sentenced to be hanged. The jury

was justified in believing that the defendant laid in wait for the deceased, Felix Paladino, in the vicinity of Fresno and H Streets, Fresno, California, about 6 P. M., May 17, 1922. That the decedent was returning from his work, carrying a crate of strawberries, which he was taking home. That the defendant stopped the decedent, spoke to him, and then drew a revolver and began firing at him. The deceased dropped the crate of strawberries and fled as fast as he could, while the defendant followed him, firing at him as he ran, and finally overtook him. The defendant having used all his ammunition, began beating the deceased over the head. Two firemen, Earl Hartman and R. M. Hicks, and a special police officer named J. T. Kennedy, intervened while the defendant was beating the deceased over the head with the butt of his revolver and placed the defendant under arrest and sent the deceased to a hospital, where he died as a result of his wounds. Four shots struck the deceased, one of which penetrated the lower abdomen, resulting in peritonitis, from which the decedent died. The defendant testified that when he met the deceased an altercation ensued, during which the deceased slapped him in the face and told him he would like to kill him; that the deceased then reached toward his hip pocket and drew a gun, but that the defendant succeeded in shooting first, and that a revolver duel ensued. A number of witnesses testified that at the time of the arrest of the defendant a bystander, who had been shot in the leg during the fusilade, ran up and struck the defendant in the face. The jury undoubtedly believed that the blow in the face which the defendant attributed to the deceased was in fact delivered by this bystander under, the circumstances related by at least four witnesses.

[1] The appellant's sole claim on appeal is that he should have been convicted of manslaughter, and that the verdict of murder in the first degree was the result of passion and prejudice induced in the jury by the admission of evidence which tended to incite the jury and led them to bring in the verdict of murder in the first degree. In support of this contention the appellant quotes some of the testimony adduced by the district attorney as a foundation for the introduction of the dying declaration of the decedent. It is not claimed that these statements or that this

evidence was immaterial, but the ground advanced for the charge of misconduct on the part of the district attorney is as follows:

"As a matter of fact there was no necessity for a dying declaration, or rather there was proof sufficient connecting the defendant with the killing without any dying declaration. As a matter of fact it was admitted, and all the dying declaration could do was to prove that fact, and therefore, the persistent and continued and long-drawn out attempts to get this dying declaration into the record and the testimony concerning his poor little children, etc., could only have been for the purpose of exciting the minds of Jury and in our opinion it had the desired effect. We believe that the strongest critic of the conduct of the defendant and appellant would not say that he should be hung for the offense."

It is a sufficient answer to this claim to say that an admission by the defendant does not prevent the district attorney from presenting proof of the fact admitted. There is no error in the record.

Judgment affirmed.

Lennon, J., Seawell, J., Waste, J., Myers, J., Lawlor, J., and Kerrigan, J., concurred.